```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )     C.A. No. 21-160 WES
                                    )
U.S. VETERANS ASSISTANCE            )
FOUNDATION, INC., et al.,           )
                                    )
         Defendants.                )
_____)
```

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand the present case to the Rhode Island Superior Court. For the reasons that follow, the Motion to Remand, ECF No. 11, is DENIED.

I.   BACKGROUND

In March 2021, Plaintiff Christopher Laccinole filed a civil action against Defendants U.S. Veterans Assistance Foundation, Inc. ("USVAF") and Robert Piaro in the Rhode Island Superior Court (case number WC-2021-0143) alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Rhode Island consumer protection and privacy laws. See Compl. ¶¶ 1-3, ECF No. 4. USVAF removed the case to this Court and moved to dismiss, arguing that the Complaint fails to state a claim for relief and lacks particularity. See Notice of Removal, ECF No. 1; Motion to Dismiss 1, ECF No. 9. Thereafter, Plaintiff filed the instant Motion to Remand.

II.   DISCUSSION

    A.   TCPA Article III Standing

In a perplexing argument, Plaintiff contends that his Complaint fails to establish Article III standing because his TCPA claims do not plead a concrete injury. See Pl.'s Mem. Supp. Mot. Remand 4, ECF No. 11-1. Article III standing requires, among other things, a showing of an injury in fact. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-48 (2016). An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "Concreteness requires something 'real, and not abstract.'" Massachusetts v. U.S. Dep't of Health & Hum. Servs., 923 F.3d 209, 227 (1st Cir. 2019) (quoting Spokeo, 136 S. Ct. at 1548). "A sufficiently particularized injury 'affect[s] the plaintiff in a personal and individual way.'" Id. (quoting Spokeo, 136 S. Ct. at 1548).

Although there is some divide amongst federal courts regarding the application of Spokeo to TCPA claims, "the majority of courts [have found] that Congress, when it enacted the TCPA, recognized receiving unsolicited telemarketing calls is a legally cognizable harm and comprises a 'concrete' injury." Gibbs v. SolarCity Corp., 239 F. Supp. 3d 391, 395–96 (D. Mass. 2017); see also Ready v. Synchrony Bank, No. 2:17-CV-00434-JDL, 2018 WL

2

1701355, at *4 (D. Me. Apr. 6, 2018) ("[C]alls allegedly violating the TCPA inherently cause concrete injury for purposes of standing to pursue a TCPA claim . . . .").

Nonetheless, Plaintiff cites to Leyse v. Bank of Am., Nat'l Ass'n, where the court held that the plaintiff's TCPA claims were insufficient to confer Article III standing on a motion for summary judgment. See No. CV117128SDWSCM, 2020 WL 1227410, at *4 (D.N.J. Mar. 13, 2020). The Leyse court relied on the fact that the plaintiff failed to allege or supply "any evidence to show[] that he suffered nuisance, annoyance, inconvenience, wasted time, invasion of privacy, or any other such injury." Id.

Here, conversely, Plaintiff alleges that USVAF's "communication directly interfered with Plaintiff's right to peacefully enjoy phone service, and caused Plaintiff a significant amount of anxiety, frustration, and annoyance." See Compl. ¶ 45. Additionally, Plaintiff sufficiently alleges financial harm by stating that USVAF's phone calls "deplete[d] the minutes on Plaintiff's [phone] plan" and "forc[ed] him to incur expenses from further phone calls." Id. ¶¶ 15, 93. Thus, even assuming for the sake of argument that Leyse is convincing, Plaintiff's Complaint easily vaults the Spokeo bar.

B.  Denial of Jurisdiction

Plaintiff also argues that Defendants' denials of his jurisdictional allegations within paragraphs 7, 8, and 9 of his

3

Complaint show that Defendants do not recognize this Court's jurisdiction. See Pl.'s Mem. Supp. Mot. Remand 1-2. Those paragraphs allege that the Rhode Island Superior Court, in which Plaintiff filed the Complaint, has jurisdiction over the action. Compl. ¶¶ 7-9. Defendants responded to each paragraph with the following: "This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied." Answer ¶¶ 7-9, ECF No. 6. Thus, to the extent that Defendants gave substantive responses, they denied the jurisdiction of the state court, not this Court. Moreover, Defendants have resolved any potential ambiguity by asserting that this Court has jurisdiction. See Notice of Removal ¶ 6 ("[T]he U.S. District Court for the District of Rhode Island has Federal Question jurisdiction over this matter . . . .").[1]

C.  Denial of Injury

Lastly, Plaintiff argues that Defendants' Answer, by denying Plaintiff's alleged injury, admits that this Court lacks jurisdiction under Spokeo. See Pl.'s Mem. Supp. Mot. Remand 1. However, by denying that Plaintiff has been harmed, Defendants are not arguing that Plaintiff has failed to allege an injury in fact.

---

[1] Plaintiff also hints at a similar argument regarding venue, but this underdeveloped argument lacks merit for the reasons given above. See Pl.'s Mem. Supp. Mot. Remand 1-2, ECF No. 11-1.

4

Rather, Defendants are simply asserting that the allegations are not true.  Therefore, Plaintiff's argument fails.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 11, is DENIED.


IT IS SO ORDERED.


*/s/ WESmith*
William E. Smith
District Judge
Date:  July 29, 2021