# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER LACCINOLE,<br><br>Plaintiff,<br><br>v.<br><br>HONORING AMERICAN LAW ENFORCEMENT PAC,<br><br>Defendant. | CASE NO. 1:20-cv-00438-MSM-LDA |
| CHRISTOPHER LACCINOLE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. VETERANS ASSISTANCE FOUNDATION, INC., ROBERT PIARO, DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 1:21-cv-00160-MSM-LDA |

## STATUS REPORT

Captioned Defendants and respectfully submit this Status Report per the Court's January 15, 2025, Order. The Defendants attempted to obtain the Plaintiff's position on several of the court's points of discussion, but was unable to do so before this was required by court order to be filed.

## STATUS REPORT

1. In October 2020, Plaintiff Christopher Laccinole ("Plaintiff") filed a lawsuit primarily alleging violations of the Telephone Consumer Protection Act ("TCPA") against

Defendant Honoring American Law Enforcement ("HALE") PAC. *See Laccinole v. Honoring American Law Enforcement PAC*, case no. 1:20-cv-00438-WES-PAS.

2. On or about April 2021, Plaintiff filed a similar lawsuit against Defendants U.S. Veterans Assistance Foundation, Inc. ("USVAF") and Robert Piaro. *See Laccinole v. U.S. Veterans Assistance Foundation, Inc.,* case no. 1-21-cv-00160-WES-PAS. These cases were eventually consolidated due to overlaps in facts and parties.

3. On October 4, 2023, the cases were stayed due to a pending criminal prosecution in New York against Defendant Robert Piaro.

4. Robert Piaro has accepted a guilty plea but is still awaiting sentencing which is presently schedule for April 14, 2025. *See* (Doc. 56, Ex. A.)

5. On January 28, 2025, the Court issued an order directing the parties to file a joint status report respecting five enumerated topics, discussed below:

### The Court's January 28, 2025, Order

**How many total trial days (assume full days) will it take for the case to be tried?**

**Defendants' Position**: Defendants anticipate an approximate two-day trial, subject to additional facts learned in discovery.

**How many witnesses does each side intend to call? Provide a list of the witnesses for each side, and the approximate time for direct and cross for each witness.**

**Defendants' Position:** At this time, Defendants only intend to call Plaintiff Laccinole. Subject to additional facts learned in discovery, Defendants anticipate needing half of a day to cross Mr. Laccinole.

**Are there any outstanding issues that need to be resolved before this case can be tried?**

**Defendants' Position:** Yes. It is Defendants' position that both of Plaintiff's lawsuits were manufactured through fraud. Defendants thus intend to challenge Plaintiff's standing to sue in a

12(b)(1) Motion to Dismiss. Defendants also maintain that Plaintiff made false statements under oath during a sworn deposition in the USVAF case. To this end, Defendants intend to request an evidentiary hearing and anticipate requesting additional discovery. Finally, Defendants intend to file independent claims for fraud against Plaintiff, similar to those claims made in *Laccinole v. Rocket Mortgage* C.A. No. 21-478-JJM-LDA.

**What efforts have been made to mediate this case? Would a referral to mediation possibly resolve this case?**

**Defendants' and Plaintiff's Joint Position:** The Parties have engaged in settlement negotiations but are presently at an impasse. The Parties agree that mediation could possibly resolve these cases.

**Are there any dates between now and the end of October 2025 when the attorneys or witnesses are unavailable for trial?**

**Defendants' Position**: At this time, Defendants' Counsel is unavailable between March 3-14, April 11-21, and 28, 2025, May 1-2, 19-30, and August 8-25, 2025.

## OTHER ISSUES

It is Defendants' position that these cases should remain stayed until Defendant Robert Piaro is sentenced, which is presently scheduled for April 14, 2025. *See* Resp. to Plaintiff's Status Report, filed as Doc. 65 in *Laccinole v. USVAF*, Case No. 1:21-cv-00160. Defendants maintain that the stay should not be lifted because the same Fifth Amendment concerns that predicated the stay continue until after the criminal case is concluded. Finally, Defendants maintain that additional time will allow the Parties more room to conduct settlement negotiations. The Plaintiffs believe the stay should be lifted now.

Respectfully submitted on February 14, 2025.

                        LEWIS BRISBOIS BISGAARD & SMITH, LLP
Attorney for Defendant Honoring American Law Enforcement PAC, Defendant United States Veterans Assistance Foundation, and Defendant Robert Piaro

                        */s/ Brian C. Newberry*
Brian C. Newberry, Esq.
Rhode Island Bar No. 5542
One Citizens Plaza, Suite 1120
Providence, Rhode Island 02903
(401) 406-3310 telephone
Brian.Newberry@lewisbrisbois.com

THE BERNHOFT LAW FIRM, S.C.
Attorney for Defendant Honoring American Law Enforcement PAC, Defendant United States Veterans Assistance Foundation, and Defendant Robert Piaro

                        */s/ Patrick Kane*
Patrick Kane, Esq.
Texas Bar No. 24115685
1710 W 6th Street
Austin, Texas 78703
(512) 582-2100 telephone
(512) 373-3159 facsimile
ptkane@bernhotlaw.com

Certificate of Service

I hereby certify that on February 14, 2025, this document was served by the Court's Electronic Filing System to Plaintiff's counsel of record.

                                               */s/ Brian C. Newberry*
                                               Brian C. Newberry